FILED

AUG 29 2006

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEON HENRY,

        Petitioner,

v.                                  CIVIL ACTION NO. 1:06cv60
                                      (Judge Keeley)

WARDEN JOYCE FRANCIS,

        Respondent.

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING §2241 PETITION

On April 13, 2006, the pro se petitioner, Deon Henry ("Henry"), filed an "Application for Habeas Corpus Pursuant to 28 U.S.C. §2241," asserting that his federal sentence violates his Fifth and Sixth Amendment rights. He also states that his sentence was improper under the Double Jeopardy Clause because it included a term of supervised release in addition to a term of imprisonment and that supervised release is not a possible penalty for his criminal conviction.

On June 29, 2006, United States Magistrate Judge John S. Kaull issued a Report and Recommendation, recommending that the §2241 petition be dismissed with prejudice. The Magistrate Judge concluded that Henry had failed to demonstrate that a motion to vacate under 28 U.S.C. §2255 would be an inadequate or ineffective remedy, and, therefore, had improperly filed his §2241 petition.

**HENRY v. FRANCIS**                                                    **1:06CV60**

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING §2241 PETITION

On July 11, 2006, Henry filed timely objections to the Magistrate Judge's Report and Recommendation. Because Henry filed no credible objection to the Magistrate's Judge's recommendation, the Court **ADOPTS** the Report and Recommendation in its entirety and **DISMISSES WITH PREJUDICE** Henry's §2241 petition.

28 U.S.C. §§2241 and 2255 permit a federal prisoner to challenge his detention, but offer relief for different types of alleged wrongs. Any motion filed pursuant to 28 U.S.C. §2241 must pertain to the execution of the petitioner's commitment or detention such as administration of his parole or computation of his sentence. In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). On the other hand, a motion filed pursuant to 28 U.S.C. §2255 must pertain to the imposition of a sentence in violation of the United States Constitution or federal law. Id.

A federal prisoner, however, may file a §2241 petition if a §2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Section 2255 is only considered "inadequate and ineffective" when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
> (2) subsequent to the prisoner's direct appeal

2

and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). The inability to bring a §2255 motion, however, does not render § 2255 "inadequate or ineffective."[1] In re Vial, 115 F. 3d at 1194 n.5

A review of Henry's §2241 petition establishes that he does not raise any challenges that would traditionally be raised in a petition brought pursuant to 28 U.S.C. §2241. Rather, Henry asserts that his sentence is void as a result of the Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). He further asserts that his sentence violates the Double Jeopardy Clause because it includes a term of supervised release following his term of imprisonment which he claims was not a possible penalty for his criminal conviction. These types of challenges to the imposition of a sentence must be brought under §2255. In re Jones, 226 F.3d at 332-33. Furthermore, Henry has failed to establish that a motion under §2255 is inadequate or ineffective under the Jones standard. Specifically, he cannot meet the second prong of the Jones standard

---

[1] On June 28, 2004, Henry filed a 2255 motion in the United States District Court for the Eastern District of Kentucky which was denied on May 16, 2005.

3

because he does not argue that the conduct of his offense, conspiracy to distribute narcotics, is no longer criminal.

Henry's objections primarily reassert his claims of constitutional error at sentencing. It appears that he generally objects to Magistrate Judge Kaull's recommendation that his petition be summarily dismissed. He asserts, that, in another case styled, <u>Johnson v. Francis</u>, 2:06cv43, Magistrate Judge James E. Seibert reviewed a similar §2241 petition and concluded that summary dismissal was not warranted. However, the facts of <u>Johnson</u> are distinguishable because Johnson was convicted and sentenced in the District of Columbia Superior Court under the D.C. Criminal Code. Thus, because Henry has failed to demonstrate that a §2255 motion to vacate would be inadequate or ineffective, his current §2241 petition is improper and should be dismissed.

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (dkt no. 7), **DISMISSES WITH PREJUDICE** Henry's §2241 petition (dkt no. 1) and **ORDERS** the case stricken from its docket.

It is so **ORDERED**.

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING §2241 PETITION**

The Clerk is directed to mail a copy of this Order to the pro se petitioner via certified mail, return receipt requested.

DATED: August _____29_____, 2006.

　　　　　　　　　　　　　　　　　　　　／s／ Irene M. Keeley
　　　　　　　　　　　　　　　　　　　　IRENE M. KEELEY
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE